# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

LEWIS KENDRICK, III       *
      *
      *
        Plaintiff,       *
v.       *       No. 4:15-cv-00674-JJV
      *
PULASKI COUNTY JAIL; *et al.*       *
      *
        Defendants.       *

## MEMORANDUM AND ORDER

## I.    INTRODUCTION

Lewis Kendrick, III ("Plaintiff") brought this action *pro se* and under 42 U.S.C. § 1983. (Doc. Nos. 2, 4.)  Plaintiff was a pretrial detainee at the Pulaski County Regional Detention Facility on October, 25, 2015.  Plaintiff had a dispute with jailers over his break and whether or not he should be required to use the "full restraint shower."  (Doc. Nos. 2 at 5, 4 at 4.)  Plaintiff says the dispute resulted in Defendants[1] using excessive force against him.  (*Id.*)

Defendants filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 26-28) and submitted a video recording of the incident (Doc. No. 29).  Plaintiff has not responded.   After careful consideration of the Motion, Response, and video evidence, I find no genuine issues of material fact exist for trial and Defendants are entitled to summary judgment as a matter of law.

## II.    ALLEGATIONS/COMPLAINT

On October 21, 2015, Plaintiff noted to Defendant Cyrr that he was passing out extra food

---

[1]Only Plaintiff's excessive force claims against Defendants Cyrr, Hoof, and Custer remain in this lawsuit.

trays to inmates.  (Doc. No. 4 at 4.)  Plaintiff alleges that Defendant Cyrr "got mad" and ended his break.  (*Id*.)  Plaintiff states, "I feel like I was neglected my right of freedom of speech!"  (*Id.*)  Tempers flared, according to Plaintiff, so he tried to "get in the shower because it's mandatory that I take a shower."  (*Id.*)  Plaintiff says Defendant Hoof was trying to force him into the "suicide shower and lock me in" but Plaintiff was neither in full restraints or on suicide watch.  (*Id.*)  Plaintiff states, "I jerked away and told her the shower [didn't] work.  She kept insisting that I get in that particular shower and I stated I will get in the other shower and go to my room!"  (*Id.*)  Plaintiff says, "Then after all that they maced me and I wasn't being aggressive during the time and then while they [were] trying to restrain me Deputy Cyrr swung and hit me!"  (*Id.*)

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.    ANALYSIS

### A.    Official Capacity Claims

Plaintiff has sued Defendants in both their official and personal capacities. (Doc. No. 4 at 2.) Defendants argue that Plaintiff's official capacity claims must be dismissed. (Doc. 28 at 7-8.) I agree.

Official capacity claims against a county official are equivalent to claims against the county itself. *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). A county can only be held liable under section 1983 where a plaintiff can show that some policy, practice, or custom of the county caused his constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978). Plaintiff's Complaint and Amended Complaint are devoid of any facts to suggest these events were linked to any policy, practice, or custom. Additionally, as will be explained more fully below, I find no constitutional injury. So Plaintiff's official capacity claims must be dismissed.

### B.    Qualified Immunity

Defendants argue they are entitled to qualified immunity for Plaintiff's excessive force claims. Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like

3

an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] "Qualified immunity is appropriate only if no reasonable fact-finder could answer yes to both of these questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

The United States Supreme Court precedent establishes:

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

After careful review of this matter, I finds Defendants did not violate Plaintiff's constitutional rights and they are, therefore, entitled to qualified immunity.

## C.    Excessive Force

When addressing an excessive force claim brought under § 1983, a court's analysis begins by identifying the specific constitutional right allegedly violated. *Graham v. Connor*, 490 U.S. 386, 394 (1989). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).

4

punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Id.* Plaintiff is a pretrial detainee, so his excessive force claims, although grounded in the Fifth and Fourteenth Amendments, are analyzed under the Fourth Amendment's objective reasonableness standard. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001). "The reasonableness of a particular use of force is examined from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. at 396; *Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006). The use of force must be necessary to some legitimate institutional interest such as safety, security, or efficiency, and the force used must not be in excess of that reasonably believed necessary to achieve those goals. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in that particular situation." *Graham*, 490 U.S. at 396-97; *Henderson*, 439 F.3d at 502.

Defendants assert that the use of pepper spray and physical force was justified and reasonable under the circumstances. (Doc. No. 28 at 5-6.) In support of their assertion, Defendants submitted video evidence of the October 21, 2015, incident. (Doc. No. 29.) When an uncontested videotape is submitted in support of a motion for summary judgment, the court is to view the facts in the light depicted by the videotape. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

The evidence consists of five video segments from five different vantage points. The video evidence shows the events from start to finish. I have closely reviewed the video evidence and find this is exactly the type of violent scenario that entitles Defendants deference in their decision-making. *See Whitley v. Albers,* 475 U.S. 312 (1986).

The video shows Plaintiff refusing to comply with orders and resisting their efforts to

handcuff him.  Officers only used mace when Plaintiff began resisting and fighting with them.  And Defendant Cyrr did not strike Plaintiff as he has alleged.  Further, after deploying the mace, Plaintiff is immediately seen by a nurse who assists with washing off the pepper spray.  After being treated by the nurse, Plaintiff is calmly escorted to his cell.

The video evidence wholly contradicts Plaintiff's version of events and conclusively shows that Defendants did not violate Plaintiff's constitutional rights.  To the contrary, Defendants are to be commended for exercising restraint.

Accordingly, I find there are no genuine issues for trial.  Defendants' use of pepper spray was reasonable under the circumstances.  There is no evidence Defendant Cyrr struck Plaintiff.  They are, therefore, entitled to summary judgment as a matter of law and Plaintiff's excessive force claim against them is dismissed.

## V.    CONCLUSION

1.    Defendants' Motion for Summary Judgment (Doc. No. 26) is GRANTED.

2.    This cause of action is DISMISSED with prejudice.

3.    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of August, 2016.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE